No. 23-2132

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

In re: CARYN DEVINS STRICKLAND,

Petitioner.

On Petition for Writ of Mandamus to the United States
District Court for the Western District of North Carolina

**GOVERNMENT'S RESPONSE IN OPPOSITION
TO PETITION FOR A WRIT OF MANDAMUS**

BRIAN M. BOYNTON
  *Principal Deputy Assistant Attorney
    General*
SARAH CARROLL
KEVIN B. SOTER
  *Attorneys, Appellate Staff
  Civil Division, Room 7222
  U.S. Department of Justice
  950 Pennsylvania Avenue NW
  Washington, DC 20530
  (202) 305-1754*

# TABLE OF CONTENTS

**Page**

INTRODUCTION AND SUMMARY OF ARGUMENT ............................ 1

STATEMENT ....................................................................................... 3

ARGUMENT ..................................................................................... 14

There is no basis for issuing an extraordinary writ of mandamus
    requiring that the district court expedite its resolution of this case ........ 14

    A.  There is no clear and indisputable right to relief. .......................... 15

    B.  Mandamus is not appropriate under the circumstances. ................. 27

    C.  There are adequate alternatives to mandamus. .............................. 31

CONCLUSION .................................................................................. 32

CERTIFICATE OF COMPLIANCE

## INTRODUCTION AND SUMMARY OF ARGUMENT

This is an employment-discrimination suit that the parties have actively litigated and the district court has actively overseen.  On October 4, 2023, the district court entered an order setting trial for December 11, or as soon thereafter as the court's calendar permits.  Nearly four weeks later, and six weeks before that impending trial date, plaintiff Caryn Strickland petitioned this Court for a writ of mandamus "tak[ing] the necessary steps to ensure a prompt resolution of this case," Pet. 31, seemingly dissatisfied that the district court was not available to try the case several weeks earlier and that the court decided, well over a year ago, to consolidate her request for a preliminary injunction awarding purported "front pay" with a trial on the merits.

Strickland's arguments, however, echo the same complaints she aired unsuccessfully in this Court more than a year ago.  At that time, she invoked this Court's jurisdiction under 28 U.S.C. § 1292(a)(1)—or, in the alternative, its mandamus jurisdiction—because she believed the district court had erred by refusing to grant her motion for a preliminary injunction.  As this Court recognized, however, there was no appellate jurisdiction because the district court had not denied Strickland's motion.  *Strickland v. United States*, No. 22-1963, 2022 WL 10416526, at *1 (4th Cir. Oct. 18, 2022).  The district court had instead invoked Federal Rule of Civil Procedure 65(a)(2), which this Court

explained "expressly authorizes a district court . . . to 'advance the trial on the merits and consolidate it with the hearing' on the motion for preliminary injunction." *Id.* (quoting Fed. R. Civ. P. 65(a)(2)). At that time, the parties were litigating in expectation of a September 2023 trial, but the district court indicated repeatedly, both before and after this Court dismissed Strickland's appeal, that it would be receptive to requests to advance the trial date.

Since then, Strickland has repeatedly rebuffed any suggestion of advancing the trial date, including when defendants proposed in an October 2022 filing that the trial could be advanced by three months. Strickland joined a motion in August 2023 requesting that the anticipated September 2023 trial be postponed to enable the parties to pursue mediation. Two weeks after the district court was notified that mediation had failed, Strickland insisted that she was entitled to have her trial start within 18 days. The district court instead reasonably scheduled the trial to commence the week of December 11—fewer than three weeks from now—in light of the numerous competing matters on its docket. There is no basis for issuing extraordinary relief compelling the court to adjudicate this case on Strickland's preferred timeline at the expense of pressing obligations in other criminal and civil cases. The petition for a writ of mandamus should be denied.

2

## STATEMENT

1. Strickland brought constitutional claims against her former employer (the Office of the Federal Public Defender for the Western District of North Carolina) and other government officials and entities within the Fourth Circuit and the federal judiciary. Strickland alleges that, while she was employed as a legal research and writing attorney with the Federal Defender's Office, one of her supervisors sexually harassed her. ECF No. 1, at 13-15, 18. She initially reported the alleged harassment to the Federal Defender and engaged in this Court's employment dispute resolution (EDR) process: pursuant to the EDR Plan Strickland requested counseling and proceeded to mediation. Then-Chief Judge Roger Gregory ordered an investigation into Strickland's claims. *Id.* at 36, 42, 75, 80. Through mediation, Strickland accepted employment elsewhere within the judiciary, resigned from the Defender's Office, and formally withdrew her claims. ECF No. 112, at 3.

Strickland then brought suit against numerous federal defendants.[1] She alleged violations of due process and equal protection under the Fifth

---

[1] Defendants named in the complaint were the United States; the Judicial Conference of the United States; Judge Roslynn Mauskopf in her official capacity as Chair of the Judicial Conference Committee on Judicial Resources; the Administrative Office of the U.S. Courts (AO); James C. Duff in his official capacity as Director of the AO; former AO General Counsel

*Continued on next page.*

3

Amendment, conspiracy to violate her civil rights under 42 U.S.C. § 1985, and

failure to prevent conspiracy to violate her civil rights under 42 U.S.C. § 1986.

In her due process claim, Strickland challenged the constitutionality of the

EDR Plan and contended that she was denied the procedures afforded under

the plan. ECF No. 1, at 82. Strickland also claimed that defendants violated

equal protection by "subjecting Plaintiff to harassment, retaliation, and

discrimination, failing to take immediate and effective action on her

complaints, and failing to provide her with meaningful review or remedies."

*Id.* at 83. Her conspiracy claims were rooted in allegations that the individual-

capacity defendants sought to deprive her of her right to equal protection or

failed to prevent such a deprivation. *Id.* at 83-84.

---

Sheryl Walter in her individual capacity; the Fourth Circuit; the Judicial
Council of the Fourth Circuit; then-Chief Judge Gregory in his individual and
official capacities; Circuit Executive James Ishida in his individual and official
capacities; and former Federal Public Defender Anthony Martinez in his
individual and official capacities.

   During the litigation, Judge Mauskopf replaced Duff as Director of the
AO, Judge Brian Stacey Miller replaced Judge Mauskopf as Chair of the
Judicial Conference Committee on Judicial Resources, and Judge Albert Diaz
replaced Judge Gregory as Chief Judge of the Fourth Circuit. John G. Baker
also replaced Anthony Martinez as Federal Public Defender and claims
against Martinez proceeded against him in his individual capacity only. As
discussed below, this Court affirmed the dismissal of all of Strickland's
individual-capacity claims.

2.  On appeal from the district court's dismissal of Strickland's complaint, this Court affirmed in part, reversed in part, and remanded for further proceedings. *Strickland v. United States*, 32 F.4th 311, 321 (4th Cir. 2022).  The Court affirmed the dismissal of all claims against the individual-capacity defendants, holding that Strickland failed to state claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. §§ 1985(3) and 1986. *Strickland*, 32 F.4th at 321.  The Court also concluded that the district court properly dismissed Strickland's due process claim against the official-capacity defendants, insofar as Strickland asserted a deprivation of a liberty interest. *Id.* at 320.  To the extent that Strickland claimed a deprivation of property rights, however, the Court explained that, although Strickland "fail[ed] to adequately allege a facial challenge to the [Fourth Circuit's] EDR Plan," she "adequately allege[d] an as-applied challenge to the . . . Plan." *Id.*  The Court further held that "Strickland's Fifth Amendment equal protection claim, to the extent it is asserted against the Official Capacity Defendants, is sufficient to survive the motions to dismiss." *Id.* at 321.  With respect to the relief sought, the Court held that sovereign immunity barred Strickland's claims for back pay but not for prospective equitable relief. *Id.*  This Court's mandate issued on June 21, 2022.

5

3.  The district court then held a status conference to determine, among other things, the trial date.  Strickland's counsel requested that the court set the trial for "the latest date" that the court "can provide," which was September 2023, and rejected the court's invitation to schedule "a trial much faster than that."  Transcript of July 14, 2022 Hearing at 8-9, ECF No. 129.  Defendants agreed to that trial date, *id.* at 9, and the court placed the case "on the running trial list for September 2023," Minute Order (July 14, 2022).

Strickland then moved for a preliminary injunction "ordering Defendants to compensate her for her lost earnings while [district court] litigation is pending."  ECF No. 125-1, at 1.  Strickland contended that because this Court had held that she "cannot recover back pay, she will suffer irreparable harm in the form of lost earnings if she is not afforded immediate relief."  *Id.*  Defendants opposed, and the district court scheduled the motion for a hearing on September 8, 2022.  *See* ECF No. 135 (response in opposition to motion for preliminary injunction); Notice (Aug. 3, 2022) (setting hearing on motion for preliminary injunction); Text-Only Order (Aug. 11, 2022) (rescheduling hearing to September 8, 2022).

Shortly before the hearing date, however, Strickland filed a notice "waiv[ing] the preliminary injunction hearing."  ECF No. 140, at 1.  Strickland stated that "an evidentiary hearing is unnecessary" because "the

6

undisputed facts of this case strongly support her right to a preliminary injunction," and she "does not request oral argument." *Id.* at 1-2.

The district court met with the parties on September 8 as planned. Instead of holding a hearing on the merits of Strickland's motion, the court consolidated that motion with a trial on the merits pursuant to Federal Rule of Civil Procedure 65(a)(2). *See* Minute Order (Sept. 8, 2022). That rule provides that "[b]efore or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing." Fed. R. Civ. P. 65(a)(2). The court explained that it was not prepared to resolve Strickland's motion based solely "on affidavits," reasoning that it was "entitled to actually take evidence" before deciding whether to issue a preliminary injunction. Transcript of September 8, 2022 Hearing at 4, 6, 8-9, ECF No. 149.

During that hearing and on several occasions since then, the district court has invited Strickland to request an earlier date than September 2023 for the consolidated trial and preliminary injunction hearing. *See, e.g.*, Transcript of September 8, 2022 Hearing at 5-6, 8, 9, ECF No. 149; ECF No. 150, at 1, Addendum to Petition for a Writ of Mandamus 5 (Add.); Transcript of October 31, 2022 Hearing at 31, 34, 35, 38, 39, ECF No. 171; ECF No. 185, at 3-4, Add. 15-16. Strickland has declined to request an earlier date, however,

7

contending that this would not allow sufficient time for discovery.  *See, e.g.*,

ECF No. 160 (joint filing in November 2022 agreeing to September 2023 trial

date); Transcript of September 8, 2022 Hearing at 5, 8, 10, ECF No. 149;

Transcript of October 31, 2022 Hearing at 38-39, ECF No. 171.[2]

4.  The day after the district court consolidated the preliminary

injunction hearing with the trial—which was then scheduled for September

2023, per Strickland's request—Strickland filed an interlocutory appeal to this

Court.  Defendants moved to dismiss that appeal for lack of jurisdiction,

arguing that the district court had not yet ruled on Strickland's preliminary

injunction motion and that this Court therefore lacked jurisdiction under 28

U.S.C. § 1292(a)(1).  In her response to that motion, Strickland urged this

Court to review the district court's order "'consolidat[ing]' her [preliminary

injunction] motion with trial on the merits."  Plaintiff-Appellant's Response at

---

[2] In her mandamus petition, Strickland states that the district court indicated during the September 8, 2022 hearing "that Plaintiff must proceed to a 'trial on the merits' within 'a week, two weeks,' without any discovery, or else forgo her right to a [preliminary injunction] until the trial."  Pet. 3 (quoting Transcript of September 8, 2022 Hearing at 4, 7, ECF No. 149).  In context, it appears that the district court was proposing to hold a further hearing to discuss scheduling shortly after that hearing—not stating that trial should begin within one or two weeks.  *See* Transcript of September 8, 2022 Hearing at 7, ECF No. 149 ("[W]hy don't [counsel for the parties] confer, and why don't I set it down for a further hearing to schedule a prompt trial, what would you say a week, two weeks?").

9, *Strickland v. United States*, No. 22-1963 (4th Cir. Sept. 30, 2022). And Strickland expressly requested that, if this Court were to conclude that it lacked jurisdiction to review that order via interlocutory appeal, it should "constru[e] this appeal as a writ of mandamus." *Id.* at 17.

This Court dismissed the appeal for lack of jurisdiction. *Strickland v. United States*, No. 22-1963, 2022 WL 10416526 (4th Cir. Oct. 18, 2022). As the Court explained, "the district court ha[d] not yet ruled on Strickland's motion for preliminary injunction," as would be necessary to confer appellate jurisdiction. *Id.* at *1. "[T]he record indicates that the district court declined Strickland's request to rule on her preliminary injunction motion solely on the basis of affidavits, and instead 'desires a prompt evidentiary hearing' in order to resolve the motion for preliminary injunction." *Id.* (quoting ECF No. 150, at 1, Add. 5). Moreover, "Rule 65(a)(2) expressly authorizes a district court, as occurred here, to 'advance the trial on the merits and consolidate it with the hearing' on the motion for preliminary injunction." *Id.* (quoting Fed. R. Civ. P. 65(a)(2)). Because "[n]othing about this procedural choice amounts to an effective denial of Strickland's motion for preliminary injunction," this Court dismissed the appeal for lack of jurisdiction. *Id.*

5. Strickland then filed a motion in district court seeking reconsideration of the district court's consolidation determination and requesting that the

9

district court "set a prompt *pretrial* evidentiary hearing," separate from a trial on the merits. ECF No. 157, at 7. Defendants opposed Strickland's request to decouple the evidentiary hearing from the trial but also explained that defendants "would not object to advancing that trial date by three months," from September 2023 to June 2023. ECF No. 158, at 4. Defendants proposed a schedule that would allow for all discovery and motions practice to be completed before that earlier trial date. *Id.* at 5. During an October 31, 2022 hearing, the district court explained that it would adhere to its decision to hold a consolidated proceeding pursuant to Rule 65(a)(2)—and again reiterated that it was "offering a prompt trial" date should the parties request one. Transcript of October 31, 2022 Hearing at 31, ECF No. 171. The parties conferred and informed the court that they "agree[d] that the trial date of September 2023 . . . should be maintained." ECF No. 160, at 1.[3]

Strickland then filed a petition for rehearing in this Court. The petition contended, among other things, that "this Court misapprehended the facts." Petition for Rehearing at 10, *Strickland*, No. 22-1963 (Dec. 2, 2022). Specifically, Strickland argued that the district court, by adhering to its prior

---

[3] Strickland again noted her objection to the district court's decision to hold a consolidated proceeding rather than a separate pretrial evidentiary hearing. ECF No. 160, at 1 n.1.

10

consolidation order while offering to advance the date of that proceeding, had reversed course with respect to its "openness" to holding a "'prompt evidentiary hearing.'" *Id.* at 12 (quoting ECF No. 150, at 1). This Court denied rehearing.

6. Discovery and motions practice then proceeded in district court. The court observed in a January 2023 order that the parties were "apparently engaged in preparing for a September 2023 trial," noting that "it is the parties, not the Court," who requested that date; the district court was "ready to afford these litigants a full and fair trial just as soon as they are ready to go, and will advance the trial date accordingly." ECF No. 185, at 1, 3-4, Add. 13, 15-16 (footnote omitted). No request to advance the trial date followed.

Following "extensive discovery," the parties filed cross-motions for summary judgment. ECF No. 258, at 2, Add. 20. The district court granted Defendants' motion in part and denied it in part, and it did not grant summary judgment to Strickland on any of her claims. *See* Minute Order (July 10, 2023); Text-Only Order (Aug. 10, 2023).

On July 27, 2023, the district court held a final pretrial conference, during which it set trial to begin on September 5, 2023. *See* Minute Order (July 27, 2023). The court also asked whether the parties were discussing any possibilities to resolve the case without trial. Transcript of July 27, 2023

11

Hearing at 5, ECF No. 262.  The parties' responses during the hearing did not suggest any "agreement on mediation," so the district court stated that it would proceed with the September 5 trial date—though the court noted it was inclined to conclude that, if the parties were to agree to court-referred mediation in the lead-up to that trial date, it would be appropriate to continue the trial date.  *Id.* at 18.

Shortly after the final pretrial conference, the parties reached an agreement that the case should be referred to mediation and that "all case-related deadlines," including the trial date, should be stayed for 45 days.  ECF No. 260, at 1.  The district court granted the parties' joint motion for mediation referral and for a 45-day stay of all deadlines.  ECF No. 261.  The court later summarized that stay to mean that if mediation were unsuccessful, Strickland's claims would "promptly be addressed as soon as possible" following "notification that mediation has been unsuccessful or the expiration of 45 days from September 5, 2023[, *i.e.*, October 20] whichever shall first occur."  Text-Only Order (Aug. 10, 2023).  Mediation was not successful.

A report of the outcome of mediation dated September 18 was filed on the docket, ECF No. 266, and that same day, defendants requested that the district court set the matter for trial the week of October 30, November 13, or December 11.  ECF No. 265.  Strickland opposed that motion, contending in

12

an October 2 filing that the district court's 45-day stay of deadlines entitled her to a trial beginning no later than October 20, 45 days after the previously set September 5 trial date. ECF No. 281. The district court determined that "[t]rial will commence in this case on Monday, December 11, 2023 or on the next trial day following the conclusion of the case then on trial." ECF No. 286, at 1, Add. 32 (footnote omitted); *see also* Order (Oct. 19, 2023). The court recognized that Strickland had stated, in her October 2 opposition brief, that she believed the court's prior orders entitled her to a trial beginning no later than October 20. But the district court was "not available to try the case just as soon as it was informed mediation had failed." ECF No. 286, at 1 n.2, Add. 32 n.2. The court explained that "[o]ther cases (criminal and civil)" were "ready for trial and ha[d] been previously scheduled in the interim," while the parties had attempted mediation pursuant to their joint agreement. *Id.*

7. On October 30—almost four weeks after the district court set the case for trial on December 11, and just six weeks before that trial date—Strickland petitioned this Court for a writ of mandamus. Strickland requests that this Court "take the necessary steps to ensure a prompt resolution of this case." Pet. 31. Although the petition provides little specific content for that vague request, Strickland appears to believe that this Court should "order the district court to 'advance'" the December 11 trial date or, "at a minimum, to not

13

defer" that trial date.  Pet. 15.  Strickland also requests that this Court "ensure that the district court issues a prompt final judgment."  *Id.*

On November 16, 2023, the district court held a second final pretrial conference.  *See* ECF No. 288 (setting date for further final pretrial conference). During that hearing, the district court did not indicate that it intended to postpone the start of trial past December 11, assuming there are no intervening circumstances warranting a continuance.

## ARGUMENT

### THERE IS NO BASIS FOR ISSUING AN EXTRAORDINARY WRIT OF MANDAMUS REQUIRING THAT THE DISTRICT COURT EXPEDITE ITS RESOLUTION OF THIS CASE.

The All Writs Act empowers this Court to "issue all writs necessary or appropriate in aid of [its] respective jurisdiction[] and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).  "Mandamus is a 'drastic' remedy that must be reserved for 'extraordinary situations' involving the performance of official acts or duties."  *Cumberland County Hosp. Sys., Inc. v. Burwell*, 816 F.3d 48, 52 (4th Cir. 2016) (quoting *Kerr v. U.S. Dist. Court for the N. Dist. of Cal.*, 426 U.S. 394, 402 (1976)).  A court may award mandamus relief only if three conditions are satisfied: "(1) petitioner has no other adequate means to attain the relief [she] desires; (2) petitioner has shown a clear and indisputable right to the requested relief; and (3) the court deems the writ appropriate under

14

the circumstances." *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018) (alteration omitted) (quotation marks omitted). Strickland cannot meet any of these requirements.

### A. There is no clear and indisputable right to relief.

1. Strickland has not established "that [she] has a 'clear and indisputable right to the relief sought' and that the responding party[, *i.e.*, the district court,] has a 'clear duty to do the specific act requested.'" *Cumberland County Hosp. Sys.*, 816 F.3d at 52 (quoting *United States ex rel. Rahman v. Oncology Assocs., P.C.*, 198 F.3d 502, 511 (4th Cir. 1999)). "Where a matter is committed to discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable.'" *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980) (per curiam) (quoting *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 666 (1978) (plurality opinion)).

Strickland asserts a "clear and indisputable right to expedited treatment of her [preliminary injunction] motion." Pet. 2, 17-22. But her petition plainly attempts to challenge docket management decisions that are committed to the sound discretion of the district court. *See, e.g.*, *In re Kim*, 829 F.2d 35, 35 (4th Cir. 1987) (per curiam) (unpublished) (denying mandamus because "[t]he district court has discretion to manage its civil docket in the best interests of judicial economy, to set and enforce time limitations for deciding cases

15

brought before it, and to enter judgment . . . according to the proof"); *In re Riley*, 227 F. App'x 142, 143 (3d Cir. 2007) (per curiam) (explaining that "management of [the district court's] docket is committed to the sound discretion of the district court" and that docket management decisions cannot be challenged by mandamus petition absent "undue delay" that "is tantamount to a failure to exercise jurisdiction"). Courts have recognized that the "judgment range" for district court "scheduling decision[s] . . . is exceedingly wide, for, in handling its calendar and determining when matters should be considered, the district court must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1193 (5th Cir. 1986).

To the extent Strickland seeks to challenge the district court's decision to consolidate her preliminary injunction motion with trial—rather than accede to Strickland's request for a ruling on that motion without any live testimony— that consolidation determination was likewise "discretion[ary]." *KBG Holding Corp. v. Union Bank & Tr. Co.*, 56 F. App'x 111, 115 n.3 (4th Cir. 2003) (per curiam). It was also "expressly authorize[d]" by Federal Rule of Civil Procedure 65(a)(2), as this Court recognized in dismissing Strickland's prior appeal. *See Strickland v. United States*, No. 22-1963, 2022 WL 10416526, at *1 (4th Cir. Oct. 18, 2022) (explaining that "Rule 65(a)(2) expressly authorizes a

16

district court, as occurred here, to 'advance the trial on the merits and consolidate it with the hearing' on the motion for preliminary injunction").

Strickland also cannot come close to establishing that the "trial has been delayed" improperly, Pet. 14, much less demonstrate a threat of future delay that could warrant extraordinary appellate intervention at this stage. The district court is currently preparing to address Strickland's preliminary injunction motion in consolidation with the trial currently scheduled for December 11, 2023 (or the next trial day following the conclusion of the case then on trial). ECF No. 286, at 1, Add. 32. The court repeatedly indicated it was prepared to go to trial earlier; the current trial date is attributable entirely to common-sense docket management determinations in response to Strickland's litigation decisions. Strickland does not have a "clear and indisputable right" to relief from a trial date that the district court set to accommodate her choices about how to litigate this case.

Strickland does not, and cannot, suggest that the district court was required to schedule trial for earlier than September 2023. On numerous occasions, the district court invited Strickland to request an earlier trial date given her pending preliminary injunction motion. *See, e.g.*, Transcript of September 8, 2022 Hearing at 5-6, 8, 9, ECF No. 149; ECF No. 150, at 1, Add. 5; Transcript of October 31, 2022 Hearing at 31, 34, 35, 38, 39, ECF No. 171;

17

ECF No. 185, at 3-4, Add. 15-16.  And defendants stated in an October 2022 filing that they "would not object to advancing that trial date by three months," from September 2023 to June 2023.  ECF No. 158, at 4.  Despite being presented with a detailed proposed schedule that would have allowed the parties to complete discovery and motions practice before a June 2023 trial, *id.* at 5, Strickland refused to agree to a trial earlier than September 2023.  *See, e.g.*, ECF No. 160, at 1.

All that is left, then, is Strickland's contention that the district court violated a clear and indisputable right by causing the trial to be "delayed months beyond the original September 2023 trial date."  Pet. 23.  But that too was the direct result of Strickland's litigation decisions.  During a final pretrial conference in late July 2023, the district court set the trial to begin on September 5.  Minute Order (July 27, 2023).  On August 1, however, Strickland joined defendants in requesting a referral to mediation and a 45-day stay of all deadlines.  ECF No. 260.  Strickland now complains that, as a result of that joint stay request, the district court has scheduled her trial for December.  But when parties inform a district court that they are prepared to go to trial following an unsuccessful effort at mediation, the court is not required to clear its schedule and hold the trial precisely when one party demands it—let alone when, as here, that party demands a trial on a very short

18

timeline after having previously resisted the district court's invitations to advance the trial date.  *See* ECF No. 281, at 1 (Strickland's October 2, 2023 filing claiming that the district court's stay order had "set[] an outer limit of October 20, 2023 . . . as the start of trial for this case").  As the district court explained, "[t]hat's not the way it works.  Other cases (criminal and civil) are eager and ready for trial and have been previously scheduled in the interim." ECF No. 286, at 1 n.2, Add. 32 n.2.[4]

For these reasons, this is hardly a situation "where a district court persistently and without reason refuses to adjudicate a case properly before it." *Will*, 437 U.S. at 661-62.  Strickland errs (Pet. 17-18) in describing these proceedings as "similar to" *In re Hicks*, 279 F. App'x 236 (4th Cir. 2008) (per curiam), where this Court directed a district court to rule within sixty days on a

---

[4] Strickland deems it "unlikely that this case will even proceed to trial before the end of the year."  Pet. 14.  Strickland's speculation is puzzling.  On November 16, the district court proceeded with a further final pretrial conference as scheduled, and the court did not indicate during that hearing that it intended to postpone the start of trial past December 11.  More generally, the district court has repeatedly offered to *advance* the trial date, defendants agreed to do so by several months, and Strickland refused to agree. Perhaps in light of that history, when the district court set the current trial date, it specified that "[t]here will be no continuance."  ECF No. 286, at 1, Add. 32. Of course, that statement would not preclude the district court from accounting for changed circumstances if a continuance should become necessary.  The record simply reflects that, far from unreasonably delaying trial, the district court has consistently indicated that it intends to begin trial as soon as the parties are ready and the court's calendar permits.

prisoner's long-pending motion related to post-conviction relief, *see id.* at 236 (issuing writ of mandamus in May 2008 where district court had taken no action since August 2006 on a Rule 60(b) motion for relief from a ruling under 28 U.S.C. § 2255). Strickland is a civil plaintiff who asserts an interest in trial starting promptly, not a prisoner awaiting a ruling on a languishing motion for post-conviction relief. And as numerous other summary dispositions reflect, even when a litigant's liberty interests may be at stake, this Court does not issue writs of mandamus directing district courts to expedite matters when the district court is simply exercising its discretion to manage its docket.[5] Here, for months, Strickland resisted numerous opportunities for *advancing* the trial date, and she now seizes on the modest continuance that resulted directly from her

---

[5] *See, e.g.*, *In re Kim*, 829 F.2d at 35; *In re Trappier*, No. 23-1607, 2023 WL 5525617, at *1 (4th Cir. Aug. 28, 2023) (per curiam) (mandamus not warranted because "the present record does not reveal undue delay by the district court" in resolving a "motion for compassionate release"); *In re Roberts*, No. 23-1327, 2023 WL 4742967 (4th Cir. July 25, 2023) (per curiam) (similar); *In re Currence*, 827 F. App'x 308, 308 (4th Cir. 2020) (per curiam) (no "undue delay" in resolving a criminal defendant's motion for a new trial); *In re Young*, 335 F. App'x 332, 332 (4th Cir. 2009) (per curiam) ("no undue delay" in district court's resolution of motion for post-conviction relief under 28 U.S.C. § 2255); *In re Jackson*, 128 F. App'x 313 (4th Cir. 2005) (per curiam) (similar); *In re Johnson*, 47 F. App'x 656, 657 (4th Cir. 2002) ) (per curiam) ("no undue delay" warranting mandamus where habeas corpus petition had been pending "for just over six months"); *In re Cherisson*, 19 F. App'x 140, 141 (4th Cir. 2001) (per curiam) ("not yet" undue delay in resolving Rule 60(b) motion filed a year earlier).

20

own agreement to stay all deadlines to pursue mediation.  That is not a basis
for mandamus.

2.  Strickland's further arguments underscore that the relief she requests
is unwarranted.

a.  Strickland identifies no mandatory directive that the district court
contravened.  *See, e.g.*, *Cumberland County Hosp. Sys.*, 816 F.3d at 52 (requiring
a mandamus petitioner to show that the respondent has a "'clear duty to do the
specific act requested'" (quoting *Rahman*, 198 F.3d at 511).  She cites 28
U.S.C. § 1657(a), which instructs district courts to "expedite the consideration"
of various categories of civil cases, including "action[s] for temporary or
preliminary injunctive relief."  *See, e.g.*, Pet. 14-15.  But that provision imposes
no specific timelines, and even assuming there were any cases where a district
court's scheduling decisions could theoretically clearly contravene the general
directive to "expedite" certain matters, that is plainly not what the district
court did in this case.  As explained above, the district court *has* sought to
expedite its consideration of Strickland's preliminary injunction motion,
repeatedly offering to advance the date of the consolidated trial and
preliminary injunction proceeding.  Strickland has consistently declined those
offers.

b.  Strickland also errs in asserting that mandamus is necessary to "enforce [this] Court's decision from over a year ago."  Pet. 1, 21-22.  When this Court held that the district court had not entered any appealable order denying a preliminary injunction, the Court did not, as Strickland claims, "anticipate[]" or "outright order[]" a "prompt ruling on the [preliminary injunction] motion" separate from the district court's evaluation of the evidence at trial, Pet. 22.  The record before this Court reflected that the district court "was not prepared" to decide the preliminary injunction "without the benefit of a more fully developed evidentiary record" and that it had therefore relied upon Rule 65(a)(2)'s "express[] authoriz[ation]" to consolidate a hearing on the preliminary injunction motion with a trial on the merits, which was then scheduled for September 2023.  *Strickland*, 2022 WL 10416526, at *1.  This Court did not direct the district court to decouple a preliminary injunction hearing from the trial on the merits, nor did the Court state that a hearing or trial must be held on any particular schedule.  Nor, contrary to Strickland's suggestion, did the Court "mandate" that the district court accelerate its disposition of the preliminary injunction motion, Pet. 21; the Court's mandate was that Strickland's appeal was dismissed for lack of jurisdiction, *see* Mandate, *Strickland*, No. 22-1963 (Dec. 27, 2022); Judgment, *Strickland*, No. 22-1963 (Oct. 18, 2022).  And more than a year later, the reason Strickland has

22

not received an earlier hearing in which live evidence would be taken remains that she has consistently declined to accept the district court's invitations to request an earlier trial date.

Strickland seems to interpret this Court's decision as effectively compelling the district court to hold a prompt *pretrial* evidentiary hearing—that is, to reconsider its Rule 65(a)(2) consolidation determination, rather than to entertain requests to advance the trial date. But this Court did not direct the district court to revisit its "procedural choice" to consolidate proceedings as "Rule 65(a)(2) expressly authorizes." *Strickland*, 2022 WL 10416526, at *1. Instead, this Court "review[ed] . . . the district court record," *id.*, and concluded that Strickland was not entitled to any relief from the district court's procedural determinations. The Court then did not revisit its conclusion after Strickland made these same arguments in her rehearing petition, in which she relied upon the district court's statements in an October 31, 2022 hearing that it did not intend to reconsider consolidation but rather was prepared to advance the trial date. *See supra* pp. 10-11; *see also* Petition for Rehearing at 5-11, *Strickland*, No. 22-1963 (Dec. 2, 2022).

Strickland mistakenly seeks to fault defendants for suggesting in the prior appeal that the district court might yet choose to hold a separate pretrial evidentiary hearing. *See* Pet. 5-6. In moving to dismiss the prior appeal,

23

defendants cited record materials for the proposition that the district court might be open to that course. *See* Defendants' Motion to Dismiss Appeal at 9, 12 n.3, *Strickland*, No. 22-1963 (Sept. 20, 2022); Defendants' Reply in Support of Motion to Dismiss Appeal at 1, 3, *Strickland*, No. 22-1963 (Oct. 7, 2022). But the district court ultimately denied Strickland's request for that relief, and this Court then denied Strickland's rehearing petition premised on the district court's decision. And defendants did not "[c]ontradict[] what they represented to this Court" by opposing decoupling of the trial and the preliminary injunction proceeding. Pet. 5-6. Defendants never indicated that they would join Strickland in urging the district court to hold a separate pretrial evidentiary hearing to resolve her preliminary injunction motion. The district court had discretion to consolidate, or not to consolidate, the proceedings, as this Court recognized in dismissing Strickland's prior appeal.

c. Strickland's characterization (Pet. 19) of the more recent proceedings as involving an unfair "choice between proceeding to trial or exercising her right to mediation" is likewise unavailing. During the July 27, 2023 final pretrial conference, the district court set the trial to begin on September 5. The district court also stated that "if [the parties] would agree on mediation," the trial date should be moved back, a request defendants made during that hearing "because of the amount of time and resources it's going to take to

24

prepare for trial." Transcript of July 27, 2023 Hearing at 18, ECF No. 262; *see also* Minute Order (July 27, 2023) (setting the trial to begin on September 5 and specifying that "[i]f the parties agree to proceed with mediation, the trial date will be suspended"). Strickland now asserts that this option was unfair. But Strickland chose to join in the parties' motion requesting the district court's referral to mediation, rather than exploring alternative settlement options or forgoing further settlement discussions in the interest of keeping the trial date on the calendar. And that joint motion recognized, without mention of any objection, that "the September 5 trial date would be taken off the docket." ECF No. 260, at 1. The district court was well within its discretion to conclude that a joint request for mediation referral was a sound basis to modestly defer the trial date.

Presumably recognizing that the district court acted appropriately in taking the September 5 trial date off the calendar pursuant to the parties' joint request, Strickland takes issue with the district court's decision to schedule that trial for more than 45 days later, *i.e.*, to have trial begin later than October 20, 2023. Pet. 12-13, 16, 20. While the parties agreed to a 45-day stay of the trial date and other deadlines, ECF No. 260, at 1-2, nothing in the record indicates that the district court was ceding its inherent discretion to set a reasonable trial date following notification that mediation had failed, let alone that the court

25

was somehow precluding its prerogative to reschedule the trial if necessary.[6]

Instead, the district court entered the parties' proposed order requesting a stay

of "all existing deadlines" for 45 days, ECF Nos. 260-1, 261, and it later

summarized that stay to mean that if mediation were unsuccessful, Strickland's

claims would "promptly be addressed as soon as possible" following

"notification that mediation has been unsuccessful or the expiration of 45 days

from September 5, 2023[, *i.e.*, October 20,] whichever shall first occur."  Text-

Only Order (Aug. 10, 2023).  The first of those dates to occur was September

18, when the court was notified that mediation had been unsuccessful.  ECF

No. 266.  The district court had indicated that it would ensure Strickland's

claims were addressed as soon as possible after that notification, and it

scheduled a trial date that is entirely consistent with that resolution.  ECF No.

286, at 1, Add. 32 (October 4 order setting trial to begin on "December 11,

2023 or on the next trial day following the conclusion of the case then on trial"

(footnote omitted)).[7]

---

[6] In fact, during the hearing when the district court scheduled the trial for September 5, the court stated that it expected its trial calendar to be full for some time thereafter.  *See* Transcript of July 27, 2023 Hearing at 18, ECF No. 262 ("I expect to be trying a jury case [the week of September 12] and for each of the weeks thereafter.  I have a month-long antitrust case in October.").

[7] Strickland's litigation decisions also are difficult to reconcile with her claim to have "reasonably relied" on the assumption that the district court's

*Continued on next page.*

26

**B. Mandamus is not appropriate under the circumstances.**

Strickland has also failed to demonstrate that this Court should, in its discretion, "deem[] the writ 'appropriate under the circumstances,'" another independent requirement for relief. *In re Murphy-Brown*, 907 F.3d at 795 (quoting *Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 381 (2004)). As an initial matter, this Court has already declined Strickland's request to countermand the district court's consolidation of her preliminary injunction motion with a trial on the merits—including her request that this Court do so by "construing [her prior] appeal as a [petition for a] writ of mandamus." Plaintiff-Appellant's Response at 17, *Strickland v. USA*, No. 22-1963 (Sept. 30, 2022).

To the extent anything has changed since then, those changes only underscore how unwarranted mandamus would be at this stage of the case. For months, this case was litigated in anticipation of a September 2023 trial.

---

orders regarding the stay pending mediation meant the parties should "plan[] for a prompt trial date by October 20, 2023." Pet. 20. Strickland did not, either during the 45-day stay or in the immediate aftermath of its expiration, ask the district court to enter an order specifying that trial would commence on a specific date earlier than October 20. Instead, on October 2, Strickland stated in a brief opposing defendants' request to set a specific trial date that she believed she was already entitled to a trial beginning no more than 18 days after the filing of that opposition brief. ECF No. 281. The district court acted promptly and diligently in entering an order two days later setting trial for December 11. ECF No. 286, at 1, Add. 32.

27

*See, e.g.*, ECF No. 185, at 1, Add. 13 (observing that the parties were, as of January 2023, "apparently engag[ing] in preparing for a September 2023 trial"). The current trial date in December 2023 was set after Strickland agreed to stay all deadlines so that the parties could pursue mediation. *See* ECF No. 261. Almost four weeks after the district court's order setting trial for December 11, and just six weeks before that trial date, Strickland asked this Court to issue an extraordinary writ "ensur[ing] a prompt resolution of this case," Pet. 31—a request whose vagueness alone casts doubt on the propriety of relief, *cf. United States v. Christian*, 660 F.2d 892, 908 (3d Cir. 1981) (Garth, J., concurring) ("Mandamus relief should be unavailable if the party seeking it furnishes only a vague description of the duty which the district court should be compelled to exercise."). And the district court has already demonstrated, in numerous ways, its intent to facilitate "a prompt resolution of this case," Pet. 31, offering repeatedly, for example, to advance the trial. A litigant cannot spend months insisting that trial must not be advanced, consent to have the date moved back as trial approaches, and then seek extraordinary relief from the court of appeals—weeks after the new trial date is set—by arguing that the then-impending trial date is too far off or too uncertain to provide assurance that the case will be resolved in a timely fashion.

28

Strickland's efforts to persuade this Court that she is entitled to mandamus relief because she is likely to prevail on the merits (Pet. 25-27) are similarly unavailing. As an initial matter, the district court declined to grant summary judgment to Strickland on any of her claims. *See* ECF No. 258, at 2, Add. 20; Minute Order (July 10, 2023). And this mandamus proceeding is not the appropriate venue to relitigate the merits of the cross-motions for summary judgment or to delve further into the legal and factual disputes that will be resolved at trial. Strickland disavows that she is "attempting to use mandamus as a substitute for the regular appeals process," Pet. 22, underscoring that this Court should not entertain arguments about the merits of this case that can properly be presented later should there be any appeal from final judgment. Although this is not the appropriate proceeding for airing factual and legal disputes regarding the merits of this case, defendants strongly disagree with Strickland's description (*e.g.*, Pet. 25-31) of the underlying factual record as well as her arguments regarding the legal conclusions that follow. In any event, Strickland's opportunity to litigate her claims to judgment is mere weeks away; there will soon be no need to speculate about a likelihood of success. It would make no sense to direct the district court to issue a prompt ruling on a preliminary injunction when subsequent developments have fleshed out the available evidence in a case now on the cusp of trial.

29

Nor has Strickland demonstrated that the interests at stake justify mandamus, which is "'reserved for really extraordinary causes.'" *Cheney*, 542 U.S. at 380 (quoting *Ex parte Fahey*, 332 U.S. 258, 260 (1947)). Strickland's sole claim of harm is that "each day" of alleged delay defers the availability of possible "front pay" relief. Pet. 1-2, 30-31; *see also* ECF No. 125-1, at 25 (requesting a "preliminary injunction" directing defendants "to pay Strickland a salary commensurate" with a Federal Defender position, "offset by her current earnings"). But monetary remedies in civil cases typically must await judgment, and Strickland cites no decision granting mandamus on a similar theory of modest monetary loss arising from a district court's need to adjudicate other litigants' cases alongside one's own. *Cf. Will*, 437 U.S. at 667 (holding mandamus to be unwarranted where a district court "delay[ed] in adjudicating [a] damages claim" because "of the normal excessive load of business in the District Court"). Strickland can litigate her claimed entitlement to front pay at the trial that is scheduled for mere weeks from now, and if she does not prevail at trial, she can appeal from a final judgment in the ordinary course of civil litigation.[8]

---

[8] As defendants explained in Strickland's prior appeal, her desire for front pay also could not justify independent acceleration of the preliminary injunction proceedings. Front pay is by definition a post-judgment remedy.

*Continued on next page.*

**C.  There are adequate alternatives to mandamus.**

Finally, Strickland has further failed to demonstrate that she has "'no other adequate means to attain the relief [she] desires.'" *In re Murphy-Brown*, 907 F.3d at 795 (quoting *Cheney*, 542 U.S. at 380).  Strickland's petition asserts an interest in a prompt trial and judgment.  But the district court and defendants gave Strickland numerous opportunities to accelerate the litigation of this case, and she declined.  And regardless of the case's past litigation, trial is now impending.  *Cf. In re United States ex rel. Drummond*, 886 F.3d 448, 449-50 (5th Cir. 2018) (per curiam) (collecting cases and issuing writ of mandamus where district court had failed to act on "several motions which have been pending for years").  Here, as in every other case where district courts exercise discretion with respect to scheduling trials and entering final judgments in civil cases, Strickland's remedy is to participate in the trial that the district court has scheduled for fewer than three weeks from now.  *See In re Kim*, 829 F.2d at 35 (rejecting a request to compel a ruling on a dispositive motion and explaining that, "[i]f petitioner is aggrieved by the judgment ultimately to be entered in his

---

*See, e.g.*, *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 846 (2001). Front pay is not available during the pendency of district court proceedings, and a preliminary injunction therefore could not grant Strickland front pay.

31

civil rights action, his avenue of redress is by the normal appellate processes; mandamus may not be used as a means of circumventing those processes").

## CONCLUSION

For the foregoing reasons, this Court should deny the petition for a writ of mandamus.

Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

SARAH CARROLL

*s/ Kevin B. Soter*
KEVIN B. SOTER
*Attorneys, Appellate Staff*
*Civil Division, Room 7222*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 305-1754*
*kevin.b.soter@usdoj.gov*

November 2023

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 21(d)(1) because it contains 7,683 words, excluding the parts of the brief exempted under Rule 32(f).  This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Calisto MT 14-point font, a proportionally spaced typeface.


*s/ Kevin B. Soter*
Kevin B. Soter