**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-2132

In re: CARYN DEVINS STRICKLAND,

            Petitioner.

On Petition for Writ of Mandamus to the United States District Court for the Western District of North Carolina, at Asheville.  (1:20-cv-00066-WGY)

Submitted:  November 22, 2023                                          Decided:  November 28, 2023

Before Mary Beck BRISCOE, Senior Circuit Judge of the United States Court of Appeals for the Tenth Circuit, Ronald Lee GILMAN, Senior Circuit Judge of the United States Court of Appeals for the Sixth Circuit, and Michael J. MELLOY, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.[*]

Petition denied by published opinion.  Senior Circuit Judge Briscoe wrote the opinion, in which Senior Circuit Judge Gilman and Senior Circuit Judge Melloy joined.

**ON BRIEF:**  Cooper Strickland, LAW OFFICE OF COOPER STRICKLAND, Lynn, North Carolina, for Petitioner.  Brian M. Boynton, Principal Deputy Assistant Attorney General, Sarah Carroll, Kevin B. Soter, Appellate Staff, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondents.

---

[*] Because all members of the United States Court of Appeals for the Fourth Circuit are recused in this case, a panel of judges from outside the Circuit was appointed for this appeal pursuant to 28 U.S.C. §§ 291, 294.

MARY BECK BRISCOE, Senior Circuit Judge:

Caryn Devins Strickland petitions for a writ of mandamus, alleging that the district court has unduly delayed holding a consolidated trial on the merits of her claims and a hearing on her motion for preliminary injunction. For the reasons that follow, we deny the petition.

I

The factual and procedural history of this case is outlined in a prior decision we issued and, for purposes of brevity, we incorporate it by reference here. *See Strickland v. United States*, 32 F.4th 311 (4th Cir. 2022). Suffice it to say that, although the district court originally dismissed all of Strickland's claims, we reversed the dismissal of some of those claims and remanded them to the district court for further proceedings.

Approximately three months after the case was remanded to the district court, Strickland filed a motion asking the district court to "enter a preliminary injunction ordering Defendants to compensate her for her lost earnings while this litigation is pending." ECF No. 125 at 1. On September 8, 2022, the district court notified the parties, by way of a minute order entered on the docket, that it intended to consolidate the trial on the merits with the hearing on Strickland's motion for a preliminary injunction. At that time, and again at a hearing in late October 2022, the district court advised Strickland that she had the choice of proceeding, without discovery, to a consolidated trial/hearing within a relatively short period of time or, alternatively, proceeding with discovery and then having a consolidated trial/hearing in September 2023. Strickland chose the latter option and the parties proceeded with discovery.

The parties completed discovery and filed cross motions for summary judgment on June 1, 2023. The district court held a hearing on those motions on July 10, 2023. On July 25, 2023, the district court issued a memorandum and order granting partial summary judgment in favor of the defendants on some claims, but ordered that all other claims survived summary judgment and would proceed to trial in September 2023.

Two days later, on July 27, 2023, the district court held a pretrial conference. During that conference, the district court stated that a bench trial in the case would begin on September 5, 2023. The district court also advised the parties that if they agreed to proceed with mediation, the trial date would be suspended pending the outcome of mediation. On August 1, 2023, the parties filed a joint motion for mediation referral and to stay all deadlines for forty-five days. The district court granted the joint motion on August 2, 2023. On August 10, 2023, the district court issued a "text-only order" on the docket stating, in relevant part: "Should this case not resolve through mediation," Strickland's remaining claims "will promptly be addressed as soon as possible following notification that mediation has been unsuccessful or the expiration of 45 days from September 5, 2023 whichever shall first occur."

On August 17, 2023, the parties participated in a mediation with a magistrate judge. Thereafter, the parties continued informal settlement discussions.

On September 18, 2023, the parties filed a report of mediation advising the district court that they had reached an impasse. On that same date, defendants filed a motion asking the district court to set the "matter for trial on a date after October 20, 2023." ECF No. 265 at 1. Defendants advised the district court in their motion that "they [we]re available for

3

trial on the weeks of October 30, November 13, and December 11," and that "[o]ther weeks between October 20 and the end of the year present[ed] scheduling conflicts for one or more of [their] witnesses for various reasons." *Id*. at 2. On October 2, 2023, Strickland filed a response in opposition to the defendants' motion to set a trial date. Strickland argued in her response that the district court's text-only order of August 10, 2023, "set[] an outer limit of October 20, 2023, which [wa]s 45 days from September 5, 2023, as the start of trial for this case." ECF No. 281 at 1.

On October 4, 2023, the district court issued an order stating, in relevant part, that "[t]rial will commence in this case on Monday, December 11, 2023 or on the next trial day following the conclusion of the case then on trial," and that "[t]here will be no continuance." ECF No. 286 at 1. On that same date, the district court issued a separate order setting a final pretrial conference for November 16, 2023. On October 19, 2023, the district court issued an order granting the defendants' motion to set a trial date and reiterating that the case was set for trial "the week of December 11 . . . or as soon thereafter as the Court's docket will permit." ECF No. 304.

On October 30, 2023, Strickland filed a petition for writ of mandamus asking this court to "order the district court to 'advance' the trial . . . or, at a minimum, to not defer the trial date already set." Pet. at 15.

4

II

"The common-law writ of mandamus, codified in the All Writs Act at 28 U.S.C. § 1651, has long been reserved for 'extraordinary causes.'" *South Carolina v. United States*, 907 F.3d 742, 754 (4th Cir. 2018) (quoting *Cheney v. U.S. Court for D.C.*, 542 U.S. 367, 380 (2004)). Thus, "relief by way of mandamus is only available if a plaintiff has 'no other adequate means to attain the relief' sought." *Id.* (quoting *Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 403 (1976)). "The availability of the mandamus writ is controlled by two additional factors." *Id.* "First, a plaintiff must demonstrate 'a clear and indisputable right to the relief sought' and show that 'the responding party has a clear duty to do the specific act requested.'" *Id.* (quoting *Cumberland Cnty. Hosp. Sys., Inc. v. Burwell*, 816 F.3d 48, 52 (4th Cir. 2016)). "Second, 'the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances.'" *Id.* (quoting *Cheney*, 542 U.S. at 381).

We are not persuaded, after reviewing the petition and the record of the district court proceedings, that either of these latter two factors support the granting of a writ of mandamus. We begin with "the relief sought" by Strickland. In the petition, Strickland refers to her right to a "prompt evidentiary hearing" and, alternatively, to her "clear and indisputable right to expedited treatment of her PI motion" Pet. at 1, 2. She asserts that this right is rooted in a statute, 28 U.S.C. § 1657(a), as well as Rule 40 and Rule 65(a)(2) of the Federal Rules of Civil Procedure. *Id.* at 15–16. Section 1657(a) provides, in relevant part, that "[n]otwithstanding any other provision of law, each court of the United States shall determine the order in which civil actions are heard and determined, except that the

5

court shall expedite the consideration of . . . any action for temporary or preliminary injunctive relief." 28 U.S.C. § 1657(a). Rule 40 of the Federal Rules of Civil Procedure states: "Each court must provide by rule for scheduling trials. The court must give priority to actions entitled to priority by a federal statute." Fed. R. Civ. P. 40. Lastly, Rule 65(a)(2) states, in relevant part, that "[b]efore or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing." Fed. R. Civ. P. 65(a)(2).

None of these three sources entitle Strickland to a trial prior to the currently scheduled trial date of December 11, 2023. To be sure, § 1657(a) requires the district court in this case to "expedite the consideration of" Strickland's PI motion, and Rule 40 similarly requires the district court to "give priority" to that motion. But the record in this case, despite Strickland's protestations to the contrary, establishes that the district court has repeatedly attempted to do so. It did so first by offering Strickland an opportunity for an evidentiary hearing on her PI motion in the fall and early winter of 2022, without the benefit of full discovery. When Strickland rejected that offer, the district court allowed the parties to complete discovery, and then expeditiously ruled on the parties' cross motions for summary judgment, held a pretrial conference, and scheduled a firm trial date of September 5, 2023. After Strickland knowingly decided to forego that trial date in order to engage in mediation with the defendants, the district court advised the parties that if mediation was unsuccessful, it would schedule a trial on the merits as soon as possible thereafter. When the parties notified the district court on September 18, 2023, that their mediation was unsuccessful, the district court responded by issuing an order on October 4, 2023 setting a

6

trial date for December 11, 2023. Nothing in § 1657(a) or Rules 40 or 65(a)(2) required the district court to set a trial date earlier than that. In other words, we conclude that Strickland has failed to establish that the district court has a "clear duty" to provide her with a trial date prior to December 11, 2023. *See South Carolina*, 907 F.3d at 754 (internal quotation marks omitted).

We likewise conclude that the issuance of a writ of mandamus is not "appropriate under the circumstances." *Id*. (internal quotation marks omitted). As we have noted, the record indicates that the district court has attempted to accommodate Strickland's requests (e.g., for full discovery and attempted mediation), while also promptly ruling on dispositive motions and moving the case forward to a trial on the merits. The record also indicates that the district court has, in setting a trial date for December 11, 2023, attempted to take into account other matters on its own docket, as well as the availability of defendants, their counsel, and their witnesses. Given these circumstances, we conclude that issuing a writ of mandamus directing the district court to set this matter for trial prior to December 11, 2023, would be entirely inappropriate and would invade the "broad discretion" that is "given to the [district] court to manage its docket." *Marryshow v. Flynn*, 986 F.2d 689, 693 (4th Cir. 1993).

### III

The petition for writ of mandamus is DENIED.